## J. H. DENT V. THE STATE.

### No. 9960.  Delivered March 31, 1926.

**Transporting Intoxicating Liquor — Charge of Court — On Reasonable Doubt—Error.**

Where, on a trial for transporting intoxicating liquor, in submitting the defensive theory of appellant, the court charged the jury that if they should believe from the evidence, beyond a reasonable doubt, that the defense was true, etc., and in the same paragraph charged that if they should have a reasonable doubt as to such defense, to acquit, the charge was so confusing that the jury might easily have been misled into believing that the burden was upon the accused to establish his defense, beyond a reasonable doubt, and for this error the cause must be reversed.

Appeal from the District Court of Knox County. Tried below before the Hon. J. H. Milam, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*D. J. Brookreson* of Benjamin, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robt. M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of Knox County for transporting intoxicating liquor, punishment one year in the penitentiary.

The state apparently had two theories in this case, viz.: One that appellant transported a quantity of whiskey in a car driven by him, and the other that at all events he transported a bottle containing a smaller quantity of intoxicating liquor. Appellant testified, and supported himself by the evidence of other witnesses, to the fact that when he left home and went to the town of Goree on the occasion in question, there was no whiskey in the car, and that the bottle referred to was later put in his pocket by a man who appeared to be intoxicated and who tried to induce appellant to buy something for Christmas. Appellant testified that when he refused, the man put a bottle of something in his overcoat pocket, saying that it was home beer, and that without any knowledge or belief that it was intoxicating he took a young man named Boone out to the suburbs of the town, where they tasted the contents of the bottle and discovered that it was whiskey. Appellant said he

did not know at the time he drove out there that the bottle contained any intoxicating liquor.

The fifth paragraph of the court's charge is as follows:

"If you should find from the evidence beyond a reasonable doubt that some person placed a bottle of whiskey in the defendant's pocket, and that thereafter the defendant and one Caldon Boone got in the defendant's car and drove out to the edge of the town therein, and that at the time the defendant drove out there he had no knowledge that the beverage in his pocket was intoxicating liquor, and if you further find from the evidence that after learning said beverage was whiskey that he transported the same for medicinal purposes alone, then in that event you will not convict the defendant for transporting said bottle of whiskey, or if you have a reasonable doubt as to any of these facts you will not convict him of transporting this bottle of whiskey."

This was excepted to because it transferred the burden of proof from the state to the accused and required appellant to prove the facts relied upon by him as a defense, beyond a reasonable doubt. Said paragraph sets out the only affirmative presentation of the defensive theory which appears in the charge. To say the least, it is so confusing as that the jury might easily have been misled into believing that the burden was upon the accused to prove beyond a reasonable doubt that the contents of the bottle referred to was not intoxicating, and also that the same rule as to the burden of proof should be applied by the jury in considering the question as to whether he transported said bottle for medicinal purposes. We are unable to say that such a charge as that quoted does not affect injuriously the rights of the defendant. We believe it was erroneous.

So believing the judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*

Morrow, P. J., absent.